UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

:

NATHANIEL MAHONE,

:

                              Plaintiff,

:

                -v-

:

CITY OF NEW YORK et al.,

:

                           Defendants.

:

------------------------------------------------------------------X

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** _____
**DATE FILED:** _2/2/2015_

13 Civ. 8014 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

      By way of background, plaintiff Nathaniel Mahone, a former inmate at Riker's Island, filed suit against the City of New York (the "City"), the New York City Health and Hospitals Corporation ("HHC") and certain "John Doe" doctors and corrections officers employed by those entities. Mahone alleged that after he broke his leg in a fall on Riker's Island, defendants were deliberately indifferent to his medical needs and committed negligence and medical malpractice. *See* Dkt. 1, 21. On December 12, 2013, defendants jointly moved to dismiss the Complaint in its entirety. Dkt. 17. On April 11, 2014, after full briefing, the Court granted defendants' motion in part, preserving only Mahone's deliberate indifference claim as asserted against the "John Doe" individual doctors and corrections officers. *See* Dkt. 27.

      On January 9, 2015, after months of missed deadlines and delays, the Court warned plaintiff's counsel Andre Soleil that, if he failed to comply with specific directives, the Court would "invite defendants to move to dismiss for failure to prosecute." Dkt. 48. However, because Mr. Soleil failed to file an amended complaint by the January 12, 2015 deadline, the only defendants presently named in the case are "John Doe" doctors and corrections officers.

(Defendants identified these "John Doe" defendants on May 30, 2014, *see* Dkt. 47; Mr. Soleil was simply required to add their names to the complaint and file it.)  The City notified the Court via telephone that it does not represent "John Does" and cannot file motions on their behalf. Accordingly, on January 23, 2015, the Court notified Mr. Soleil that it would dismiss this case for failure to prosecute *sua sponte*[1] if he did not remedy various deficiencies by January 30, 2015.  Dkt. 50.  Mr. Soleil has not responded to the Court's January 9 or January 23 orders.  For the following reasons, the Court now dismisses this case for failure to prosecute.

In resolving whether to dismiss a suit for failure to prosecute, the Court must consider:

(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam).  Although the Court regrets that Mr. Mahone will not receive a fair chance to be heard because of his counsel's grievously unprofessional conduct, the other four factors weigh heavily in favor of dismissal.

First, throughout this litigation, Mr. Soleil has not complied with a single deadline set by the Court.  The amended complaint and opposition to defendants' motion to dismiss were each filed several days late.  *See* Dkt. 19, 21, 22.  Mr. Soleil then failed to confer with defense counsel and submit a timely joint letter and case management plan before the initial pretrial conference held on June 25, 2014.  *See* Dkt. 34.  Since the initial pretrial conference, Mr. Soleil has made

---

[1] Although not explicitly authorized by Federal Rule of Civil Procedure 41(b), courts may also dismiss cases for failure to prosecute *sua sponte*.  *Manigaulte v. C.W. Post of Long Island Univ.*, 533 F. App'x 4, 6 (2d Cir. 2013) (summary order), *cert. denied* 134 S. Ct. 1036 (2014) (quoting *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998)); *see also See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

virtually no progress in this case:  Mr. Soleil did not appear at the conference scheduled for November 14, 2014.  *See* Dkt. 38.  The Court learned soon after that Mr. Soleil had not completed *any* discovery before the October 15, 2014 deadline.  *See* Dkt. 42.  Over the past two months, he has not complied with the Court's orders to submit a sworn affidavit explaining these lapses, to file a second amended complaint identifying the "John Doe" defendants, or to respond to defendants' discovery demands.  *See* Dkt. 43, 48, 49, 50.  In sum, Mr. Soleil appears to have neglected this case since its inception and has wholly failed to comply with the Court's orders for more than seven months.  This delay supports dismissal for failure to prosecute.  *See, e.g., Brow v. City of New York*, 391 F. App'x 935, 937 (2d Cir. 2010) (summary order) (affirming dismissal of plaintiff's case based on "delay of nearly six months"); *Nolan v. Primagency, Inc.*, 344 F. App'x 693, 694 (2d Cir. 2009) (summary order) (citing *Chira v. Lockheed Aircraft Corp.*, 634 F. 2d 664, 666–68 (2d Cir. 1980)) (finding delay of six months "adequate to warrant dismissal").

Second, Mr. Soleil received clear notice that failure to comply would result in dismissal on multiple occasions:  On January 9, 2015, defendants submitted a letter requesting dismissal for failure to prosecute.  Dkt. 47.  The same day, the Court ordered Mr. Soleil to comply with defendants' discovery demands and warned that, if he failed to do so, the Court would "invite defendants to move to dismiss for failure to prosecute."  Dkt. 48.  On January 14, 2015, after Mr. Soleil had continued to disregard the Court's orders, the Court authorized "defendants [to] file a motion to dismiss for failure to prosecute."  Dkt. 49.  And on January 23, 2015, the Court notified Mr. Soleil that, if he failed to comply with the Court's orders by January 30, 2015, the Court would dismiss the case for failure to prosecute *sua sponte*.  Dkt. 50.  *See, e.g., Hunter v. N.Y. State Dep't of Corr. Servs.*, 515 F. App'x 40, 43 (2d Cir. 2013) (summary order) (affirming dismissal of *pro se* complaint where plaintiff had received two notices that her suit could be

dismissed for failure to prosecute); *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013) (finding "notice that plaintiffs were receiving their final extension" sufficient).

Third, where the delay is "lengthy and inexcusable," the Court may presume prejudice as a matter of law. *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004); *see also, e.g.*, *Murray v. N.Y. City Dep't of Corr.*, 298 F. App'x 62, 63 (2d Cir. 2008) (summary order) (holding that "prejudice must be presumed to the defendants" where the delay was "lengthy," and plaintiff "failed to give an excuse sufficient to justify" it); *In re Michaelesco*, 154 F. App'x 230, 231 (2d Cir. 2005) (presuming prejudice where plaintiff "ha[d] not been able to point to any specific occasion for her delay"). The Second Circuit has presumed prejudice where, for example, "the plaintiff repeatedly failed to file documents that the court ordered, even after being warned that he was risking dismissal." *Id.* (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)). Here, the Court has repeatedly ordered Mr. Soleil to explain the reason for his delays, *see* Dkt. 43, 48, 49, 50, and he has failed to do so. The Court therefore presumes that the delays were inexcusable[2] and that defendants were prejudiced.

Finally, the Court has considered less drastic sanctions. The Court requested information about the reasons for Mr. Soleil's lack of compliance, *see* Dkt. 43, 48, 49, and would have accommodated a genuine emergency or other good cause. The Court also granted a second period of time to complete discovery and set a rigorous expedited schedule. *See* Dkt. 43, 45. And the Court sanctioned Mr. Soleil by barring him from filing an amended pleading. *See* Dkt. 49. At this point, it is clear to the Court that Mr. Soleil has no intention of pursuing this case.

---

[2] On January 7, 2015, Mr. Soleil filed a letter seeking clarification of the Court's April 11, 2014 Opinion resolving defendants' motion to dismiss. Dkt. 46. This letter—the only submission to the Court Mr. Soleil has made since June 2014—suggests that he is not incapacitated or wholly unaware of this ongoing litigation. As such, the Court can safely assume that Mr. Soleil would have raised any valid explanations for the delays.

*Cf. Peters-Turnbull v. Bd. of Educ. of City of N.Y.*, 7 F. App'x 107, 110 (2d Cir. 2001) (summary order) (affirming dismissal for failure to prosecute where, "under the circumstances, the District Court had no reason to believe that lesser sanctions would be effective").  Indeed, given his failure to complete any discovery before the January 30, 2015 deadline or to file an amended complaint identifying the "John Doe" defendants, moving this case forward would be difficult if not impossible.

Because Mr. Soleil has persistently failed to prosecute this case without any explanation or excuse, the Court hereby dismisses this case.[3]  The Clerk of Court is directed to terminate all pending deadlines and conferences, and to close this case.


SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge


Dated: February 2, 2015
      New York, New York

---

[3] This dismissal is without prejudice insofar as Mr. Mahone is at liberty to file a new complaint that brings any deliberate indifference claims that are not time-barred and that names specific individuals, not "John Does," as defendants.  In light of Mr. Soleil's complete inattention to his responsibilities and his client's interests in this case, the Court expects that Mr. Mahone would file a new complaint either *pro se* or represented by counsel other than Mr. Soleil.